IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TRISHA TOBLER,<br><br>        Plaintiff,<br>v.<br><br>STATE OF OREGON, CHRISTOPHER DIGIULIO, M.D., DEENA LOZIER, N.P., LORI SCHAIN, N.P., JANICE BUENAFE, M.D., and C. PRIES, R.N.,<br><br>        Defendants. | Case No.: 3:20-cv-02110-AR<br><br>ORDER |

**Adrienne Nelson, District Judge**

       United States Magistrate Judge Jeff Armistead issued Findings and Recommendations ("F&R") in this case on August 28, 2025. Judge Armistead recommended that this Court deny plaintiff's motion for partial summary judgment. Plaintiff timely filed objections, to which defendants responded. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

       A district court judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(l). When a magistrate judge issues a findings and recommendation related to a dispositive motion, and a party files objections, "the court shall make a de novo determination of those portions of the report." *Id.* No standard of review is prescribed for the portions of the report for which no objections are filed, and no specific standard of review is required in the absence of objections. *Thomas v. Arn*, 474 U.S. 140, 152-54 (1985). However, the Advisory Committee notes to Federal Rule of Civil Procedure 72(b) recommend that unobjected to proposed findings and recommendations be reviewed for "clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment.

1

## DISCUSSION

Plaintiff makes three objections to the F&R: (1) the F&R does not properly consider the expert medical opinion of Dr. Andrew Berman; (2) summary judgment must be awarded because defendants did not proffer competing expert medical opinions; and (3) the F&R does not address how there exists any genuine issues of material fact. The Court, having reviewed all filings pertaining to plaintiff's motion for partial summary judgment, the F&R, and all briefing related to the F&R, addresses each objection in turn.

A.     **Expert Medical Opinion of Dr. Andrew Berman**

Plaintiff argues that the F&R "never once addresses plaintiff's evidence, namely the[] expert opinion of Dr. Andrew Berman." Pl. Objs. to F&R ("Pl. Objs."), ECF [76], at 1. However, that is plainly contradicted by the F&R. In the discussion, the F&R explains that:

> "[Plaintiff] cites a report prepared by Dr. Andrew Berman, M.D., in which he opines that the medical care for [plaintiff]'s ear lesion 'was below the standard of care for this kind of problem, because it took so long to diagnose the problem.' However, Dr. Berman's report only addresses [plaintiff]'s medical records from June, July, and August 2019 and does not address or analyze her medical records from 2017, 2018, or early 2019. It is therefore unclear how Dr. Berman formed an opinion as to the propriety or efficacy of the care that [plaintiff] sought and received for her ear lesion during her time in prison."

Findings & Recommendation ("F&R"), ECF [74], at 7 (internal citation omitted). This objection is therefore without merit. *See United States v. Ramos*, 65 F.4th 427, 432-34 (9th Cir. 2023) (explaining district court's obligations in reviewing objections), *cert. denied*, 144 S. Ct. 1067 (Mem) (2024).

Furthermore, even if the objection was meritorious, Dr. Berman's opinion does not alter the analysis. To establish her Eighth Amendment claim, plaintiff must show that defendants acted with "deliberate indifference," meaning that they "'kn[ew] of and disregard[ed] an excessive risk to inmate health and safety.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1198 (9th Cir. 2002), *overruled on other grounds by Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." *Id.* at 1060. As the F&R reasons, Dr. Berman did not conclude that defendants acted with deliberate indifference. *See* F&R 6-8. Dr.

Berman's report draws three conclusions: (1) "[t]he care received by Ms. Tobler was below the standard of care for this kind of problem"; (2) [t]he standard of care would be that if the patient showed no response within 6 weeks, then a biopsy should have been done to rule out skin cancer"; and (3) [t]he delay in diagnosis has resulted in a larger cosmetic deformity, as well as a danger of future metastatic cancer." Decl. of Leonard Berman Supp. Pl. Mot. Partial Summ. J. ("Berman Decl.") Ex. 2, ECF [65-2], at 2-3. However, "Eighth Amendment liability requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). Dr. Berman's report is not sufficient evidence to meet this standard.

Dr. Berman's report is also insufficient to support plaintiff's medical negligence claim. Summary judgment is only appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Dr. Berman's report may suggest that plaintiff's care was negligent, however, it does not show that the defendants caused any foreseeable risk of harm. *See Son v. Ashland Cmty. Healthcare Servs.*, 239 Or. App. 495, 506, 244 P.3d 835, 841 (Or. Ct. App. 2010) (quoting *Solberg v. Johnson*, 306 Or. 484, 490-91, 760 P.2d 867, 870 (1988), *abrogated on other grounds by Deckard v. Bunch*, 358 Or. 754, 370 P.3d 478 (2016)) (explaining the elements of a negligence claim, including "that defendant's conduct caused a foreseeable risk of harm"). And, as the F&R correctly explains, even the conclusion that plaintiff's care was negligent is potentially contradicted by other evidence in the record. F&R 10-12 (explaining how deposition testimony offers mixed support for this conclusion). The F&R therefore properly considered and analyzed Dr. Berman's report.

B.    **Absence of Competing Expert Medical Opinions**

Plaintiff's second objection is that she should "prevail by default" because defendants have not offered competing medical opinions to counter Dr. Berman's report. Pl. Objs. 2. Summary judgment is only appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Where a plaintiff moves for summary judgment on claims for which they bear the burden of proof at trial, the

3

plaintiff has the burden of establishing a *prima facie* case for their claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If the plaintiff meets this burden, then the burden shifts to the defendant to show the existence of a triable issue of material fact. *Id.* In assessing a motion for summary judgment, courts must view "all the evidence in the light most favorable to the non-moving party," *Porter v. California Dep't of Corr.*, 419 F.3d 885, 891 (9th Cir. 2005) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)), and "draw[] 'all reasonable inferences supported by the evidence in favor of the non-moving party,'" *id.* (quoting *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)). As explained above, neither Dr. Berman's report nor the record as a whole are sufficient to meet plaintiff's burden here. Defendants therefore did not need to present competing medical expert opinions to defeat summary judgment and plaintiff cannot prevail by default. The F&R did not err on this issue.

C.      **Genuine Issues of Material Fact**

Lastly, plaintiff asserts that the F&R "never addresses how there exists any 'genuine issue of material fact' in the case" and, more specifically, "how reasonable lay jurors could find fault in Dr. Berman's opinion or the opinion o[f] the late defendant Dr. Digiulio[.]" Pl. Objs. 2 (cleaned up). Once again, this objection is plainly contradicted by the text of the F&R. As described above, the F&R thoroughly explains how there exists genuine issues of material fact despite Dr. Berman's opinion and report. The F&R likewise explains not only how Dr. DiGiulio's testimony fails to meet this standard, but also how Dr. DiGiulio's testimony "*creates* a genuine issue of material fact as to causation." F&R 11 (emphasis added) (citation omitted). Dr. DiGiulio testified that he was "not convinced that earlier treatment would have prevented" plaintiff's partial loss of her ear and that he was "not convinced that she would not have lost her ear if the biopsy was done immediately." Berman Decl. Ex. 1, ECF [65-1], at 2. Dr. DiGiulio's testimony therefore creates a genuine dispute as to whether the alleged delay created an "excessive risk" as to plaintiff's health and safety, *Toguchi*, 391 F.3d at 1057, and whether it caused plaintiff's harm, *see Son*, 244 P.3d at 841. Accordingly, the F&R did not err on this issue.

## CONCLUSION

Having undertaken a *de novo* review of plaintiff's motion for partial summary judgment and

the related filings, the Court ADOPTS the F&R, ECF [74], in full. Plaintiff's Motion for Partial Summary Judgment, ECF [63], is DENIED. The parties are ordered to file a joint status report within fourteen (14) days.

IT IS SO ORDERED.

DATED this 18th day of November, 2025.

*Adrienne Nelson*
Adrienne Nelson
United States District Judge