DAN RAYFIELD
Attorney General
ROBERT E. SULLIVAN  #983539
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:  Robert.Sullivan@doj.oregon.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| TRISHA TOBLER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF OREGON, CHRISTOPHER DIGIULIO, MD, DEENA LOZIER NP, LORI SCHAIN NP, JANICE BUENAFE and C. PRIES RN,<br><br>　　　　Defendants. | Case No.  3:20-cv-02110-AN<br><br>NOTICE OF SETTLEMENT |

Page 1 -   NOTICE OF SETTLEMENT
           RS/rn1/1015043502

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

Pursuant to ORS 17.095, the State notifies the court that this action has been settled pursuant to the terms of a Settlement Agreement and Release, a copy of which is attached as Exhibit 1.

DATED March __4__, 2026.

Respectfully submitted,

DAN RAYFIELD
Attorney General

*s/ Robert E. Sullivan*
ROBERT E. SULLIVAN #983539
Senior Assistant Attorney General
Trial Attorney
Tel (503) 947-4700
Fax (503) 947-4791
Robert.Sullivan@doj.oregon.gov
Of Attorneys for Defendants

Page 2 -   NOTICE OF SETTLEMENT
        RS/rn1/1015043502

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This action is currently pending in U.S. District Court Case Number 3:20-cv-02110-AN ("Action"). The parties to this Action are Trisha Tobler, represented by Counsel Leonard R. Berman; and the State of Oregon ex rel. Oregon Department of Corrections, represented by Counsel Robert E. Sullivan ("Parties" or "Settling Parties"). The Parties have agreed to settle this Action for the consideration set forth below in this Settlement Agreement and Release of Claims ("Agreement").

Plaintiff dismisses individually-named defendants Lozier, Buenafe, DiGiulio (d.), Pries, and Schain. The State of Oregon, as the remaining defendant shall be the Defense's "settling party". Accordingly, all references to "the parties" or "settling parties" shall mean Plaintiff and the State of Oregon (*ex rel.* Department of Corrections).

The terms of this Agreement are as follows:

**Settlement Payment:** As consideration for Plaintiff's Release of Claims, and on behalf of the Released Parties described below, the State of Oregon, by and through the Oregon Department of Administrative Services/Risk Management ("Risk Management"), shall pay plaintiff the sum of One Hundred and Twenty-Eight Thousand, Three Hundred and Fifty-Three and 75/100 Dollars ("settlement payment"). The settlement payment represents Defendants' payment for the costs of Plaintiff's expert, Dr. Andrew Berman ($3,353.75), plus the principal settlement amount of $125,000.00. In addition, the settling defendant State of Oregon shall be responsible for the full invoice from mediator Sr. Judge Eric Bergstrom (estimated $2,500, final amount pending). Plaintiff's counsel has furnished a W9, and DAS will issue an IRS Form 1099 for the 2026 calendar year.

**Plaintiff's Release of Claims:** In consideration for the above settlement payment, plaintiff, individually and on behalf of any heirs, executors, administrators, successors, agents, and assigns agrees to release, acquit, and forever discharge defendants and all those in interest with them, including the State of Oregon and all of its political subdivisions, agencies,

Page 1 - SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

departments, administrators, officers, current and former employees, agents, attorneys, and insurers (collectively "Released Parties"), from any and all claims, demands, or causes of action, whether known or unknown, under any legal, equitable, or other theory, that were or could have been raised in this Action.

The release, acquittal, and discharge described above ("Release") includes any claims against the Released Parties - including the Oregon Department of Justice and Risk Management - arising from the negotiation or execution of this Agreement. This Release also includes any damages (including past and future medical and mental health expenses, lost wages, impairment of earnings, emotional distress, pain and suffering, punitive damages, and any other compensatory, economic, noneconomic, nominal, or other forms of damage) and equitable relief (including injunctions or declaratory judgments), whether known or unknown, or which may develop after the effective date of this Agreement, and including any and all expenses (attorney fees, costs, and disbursements).

**Newly-Discovered Evidence:** The Parties agree that if, after the Effective Date of this Agreement, they discover evidence different from or in addition to the evidence which they now know of or possess, this Agreement remains in full force and effect.

**Each Party is Responsible for Own Attorney Fees and Costs:** The Parties acknowledge and agree that they are solely responsible for paying any attorney fees and costs they incurred and that neither the Parties nor their attorneys will seek any award of attorney fees or costs from the other Party.

**Plaintiff is Responsible for any Subrogation and Liens:** Plaintiff acknowledges that any subrogation and lien claim arising out of contract or under state or federal law-including, but not limited to, subrogation or lien claims of or related to health care providers, insurance carriers (including personal injury protection or "PIP"), workers' compensation carriers, attorneys, and any federal or state agency or programs such as Medicare, Medicaid, or Social Security-are the sole and separate obligation of plaintiff which plaintiff agrees to pay or otherwise resolve.

Plaintiff will defend, indemnify and hold harmless the Released Parties from and against all such lien and subrogation claims brought against the Released Parties.

**Medicare Disclaimer and Waiver:** By signing below, plaintiff verifies under penalty of perjury that: (1) plaintiff is not currently entitled to Medicare; and (2) none of the treatment received for the injury or injuries claimed in this Action (or related to the incident giving rise to this Action) or released in this Agreement were submitted to or paid for by Medicare. Plaintiff waives, releases, and forever discharges Released Parties from any obligations for any claim or future claim, known or unknown, arising out of the failure of Released Parties to provide for a primary payment or appropriate reimbursement to Medicare pursuant to 42 U.S.C. § 1395y(b)(3)(A), and plaintiff shall defend, indemnify and hold harmless the Released Parties for any claims arising out of arising out of 42 U.S.C. § 1395y(b). Plaintiff further understands this settlement may impact, limit or preclude plaintiff's right or ability to receive future Medicare benefits arising out of the injuries alleged in this lawsuit.

(a) If the Risk Management receives information from Medicare that plaintiff is not a Medicare beneficiary, or if plaintiff provides Risk Management with a copy of a Medicare Zero Interest letter, Risk Management will promptly, upon receipt of such information, disburse the settlement payment. Should the need for a Zero Interest letter arise, it will be plaintiff's responsibility to provide Risk with a Zero Interest letter prior to any disbursement of funds.

(b) If Risk Management receives information from Medicare that plaintiff is a Medicare beneficiary, or if plaintiff cannot provide Risk with a Zero Interest letter, then plaintiff is required to provide a Medicare Final Demand Letter from Medicare. It shall be plaintiff's sole obligation to obtain a Final Demand Letter.

(c) Once the Medicare Final Demand Letter is provided, Risk Management will issue a check directly to Medicare in the amount set forth in the Final Demand Letter. Risk Management will then pay plaintiff the amount which reflects the net balance of the settlement payment after payment to Medicare. If the Final Demand Letter amount is greater than the

Page 3 - SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

RS/rn1/998819814

Exhibit 1 to Notice of Settlement Page 3 of 8

settlement payment, then plaintiff shall take affirmative steps to negotiate with Medicare as to any balance and will defend, indemnify and hold harmless Released Parties for any amounts Medicare seeks in excess of the amount of the settlement payment. Until such time as plaintiff has resolved any excess issue, the settlement payment shall not be made. Under no circumstances will the total amount paid by Risk Management exceed the total settlement payment.

(d) Plaintiff waives, releases, and forever discharges the Released Parties from any obligations for any claim or future claim, known or unknown, arising out of the failure of the Released Parties to provide for a primary payment or appropriate reimbursement to Medicare pursuant to 42 U.S.C. § 1395y(b)(3)(A), and plaintiff shall defend, indemnify and hold harmless the Released Parties for any claims arising out of arising out of 42 U.S.C. § 1395y(b). Plaintiff further understands this settlement may impact, limit or preclude plaintiff's right or ability to receive future Medicare benefits arising out of the injuries alleged in this lawsuit.

**No Tax Representations:** No party warrants or represents how the United States Internal Revenue Service ("IRS"), the Oregon Department of Revenue, or other governmental authority will treat the settlement payment for tax purposes, and agree that no further payment of money from Released Parties will be due in the event that the payments or the release of the claims embodied in this Agreement or any portion thereof is found by the IRS, the Oregon Department of Revenue, or other governmental authority to be, or result in, taxable income to any party. The Released Parties, as part of their reporting requirements, may have to communicate with the IRS, including submitting IRS form 1099. The Released Parties reserve the right to respond to inquiries by said authorities and to make any additional disclosures requested by the governmental authority or as required by law. Plaintiff is solely responsible for the tax consequences of settlement payment, and plaintiff agrees not to hold the Released Parties responsible for taxes due.

**Entire Agreement:** This Agreement contains and constitutes the entire agreement and understanding of the Parties, notwithstanding any and all prior negotiations, discussions, undertakings or agreements made in arriving at this Agreement. There are no representations, agreements, or inducements between the Parties except as set forth expressly and specifically in this Agreement. Any benefits provided to or accommodations reached with the Parties during the negotiation of this Agreement that are not described in this Agreement were made solely in the discretion of the Parties and are not part of the consideration for or the terms of this Agreement.

**No Admission of Fault or Future Precedent:** The Parties agree that this Agreement is not to be construed as an admission or proof of any liability or fault whatsoever on the part of the Released Parties. This Agreement does not establish a precedent in the settlement of any current or future grievance, claim of unfair labor practice, or other dispute among the Parties, and shall not be admissible as evidence in any future arbitration, administrative or court proceeding except in a proceeding brought to enforce the terms of this Agreement. In the event plaintiff pursues a claim waived or released pursuant to this Agreement, the Released Parties may plead this Agreement as an absolute defense.

**No Waiver:** The failure by any of the Parties to enforce at any time, or for any period of time, any one or more of the terms or conditions of this Agreement or a course of dealing between the Parties, shall not be a waiver of such terms or conditions or of such Party's right to enforce each and every term and condition of this Agreement.

**Invalidity:** This Agreement does not waive any right that may not legally be waived. If any provision contained in this Agreement shall for any reason be held to be invalid, illegal, void, or unenforceable in any respect, such provision shall be deemed modified so as to constitute a provision conforming as nearly as possible to such invalid, illegal, void, or unenforceable provision while still remaining valid and enforceable, and the remaining terms or provisions of this Agreement shall not be affected.

**Binding Agreement and Ownership of Claims:** This Agreement shall be binding upon the Parties, and their heirs, representatives, executors, administrators, successors in interest, insurers and assigns. The Parties acknowledge that they have not transferred or assigned, or purported to transfer or assign, to any person or entity, any claim, or any portion of interest of any claim, that was or could have been raised in this Action.

**Acknowledgment of the Terms of the Agreement:** By the signatures below, the Parties acknowledge that they have read and know the contents of this Agreement, that they fully understand the Agreement's terms, and that they enter the Agreement voluntarily for the purpose of making a full compromise and settlement. Each of the Parties further represents it has consulted or has had the opportunity to consult with legal counsel of its choice concerning the legal effect of this Agreement before signing it, and that each party executes this Agreement voluntarily. Further, the persons executing and delivering the Agreement represent and warrant that they are fully authorized to do so, and that the execution of delivery of the Agreement is lawful and voluntary.

**Judgment of Dismissal with Prejudice:** The Parties agree to a dismissal of the pending Action with prejudice, and except as specified in the Settlement Payment section above, each party shall otherwise bear its own costs and fees. Counsel for Defendants shall file a Stipulation of Dismissal of Named Defendants and Motion to Substitute the State of Oregon pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). The Parties agree to execute these documents and any further documents and take any further actions, as may be reasonable and necessary in order to carry out the purpose and intent of this Agreement.

**Waiver of Rule of Construction Against Drafter:** This Agreement was jointly drafted and approved by all Parties to this Agreement. Any rule that would otherwise require any ambiguities in this Agreement to be interpreted against the drafter(s) is hereby expressly waived.

**Counterparts:** This Agreement may be executed in counterparts, including counterparts received by facsimile or electronic transmission, with each counterpart constituting an original.

The executing Parties agree that a photocopy or other signed copy of this Agreement is as effective as the original.

**IT IS SO AGREED TO BY THE PARTIES:**

_____    DATED this 13th day of February, 2026.
**TRISHA TOBLER**
Plaintiff

Subscribed and sworn to before me this 13th day of February, 2026, in the State of Oregon, County of Multnomah

OFFICIAL STAMP
TYRAH LYNN MCGILL
NOTARY PUBLIC - OREGON
COMMISSION NO. 1022565
MY COMMISSION EXPIRES MARCH 10, 2026

_____
Notary Public for Oregon
My commission expires: March 10, 2026

_____    DATED this _____ day of February, 2026.
**KEVIN BOVENKAMP**
Assistant Director, Health Services
Oregon Department of Corrections
For Defendant

**APPROVED AS TO FORM:**

_____    DATED this _____ day of February, 2026.
**LEONARD R. BERMAN**, OSB #960409
Attorney for Plaintiff

_____    DATED this _____ day of February, 2026.
**ROBERT E. SULLIVAN**, OSB #983539
Senior Assistant Attorney General
Attorney for State of Oregon Defendants

The executing Parties agree that a photocopy or other signed copy of this Agreement is as effective as the original.

**IT IS SO AGREED TO BY THE PARTIES:**

_____    DATED this _____ day of February, 2026.
**TRISHA TOBLER**
Plaintiff

    Subscribed and sworn to before me this _____ day of February, 2026, in the State of Oregon, County of _____.

_____
Notary Public for Oregon
My commission expires:_____

_/s/ Kevin Bovenkamp_ _____    DATED this __24th__ day of February, 2026.
**KEVIN BOVENKAMP**
Assistant Director, Health Services
Oregon Department of Corrections
For Defendant

**APPROVED AS TO FORM:**

_s/ Leonard Berman_
_____    DATED this __19th__ day of February, 2026.
**LEONARD R. BERMAN**, OSB #960409
Attorney for Plaintiff

_s/ Robert E. Sullivan_
_____    DATED this __3rd__ day of ~~February~~ March, 2026.
**ROBERT E. SULLIVAN**, OSB #983539
Senior Assistant Attorney General
Attorney for State of Oregon Defendants

Page 7 - SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

RS/rn1/998819814

Exhibit 1 to Notice of Settlement Page 8 of 8